IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BERTHA CRUMBLEY, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:13-cv-291 (MTT) (CHW) |
| | : | |
| CAROLYN W. COLVIN, | : | Social Security |
| Defendant. | : | |
| | : | |

### REPORT AND RECOMMEDATION

Presently pending before the Court is Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act (EAJA) and Social Security Act.  Doc. 20.  Counsel filed his motion for fees on September 26, 2014, requesting $6.994.28 for 38 attorney work hours at a rate of $184.06 per hour, and $136.00 for 1.7 hours of administrative work at a rate of $80.00 per hour, totaling $7,267.09.  Pl.'s Mot. for Att'y's Fees 1, Doc. 20.  The parties filed a Joint Stipulation which requests the Court dismiss Plaintiff's Petition and instead award Plaintiff $6,845.28 in attorney's fees. Docs. 17 & 18. It is therefore **RECOMMENDED** that Plaintiff's motion for attorney's fees (Doc. 20) pursuant to 28 U.S.C. § 2412(d) be **GRANTED**; and that Plaintiff be awarded fees in the amount of $7118.77 and that these fees be paid directly to the Plaintiff.[1]

---

[1] While Commissioner did not object to the amount requested by Plaintiff, the Court must nevertheless calculate the hourly rate for attorney's fees performed in each year based on the Consumer Price Index (CPI) hourly rate. The Court's computation is as follows:

| [The average CPI for the year in which the work was performed or, if work was performed in the year the Motion is filed, the average CPI for the month in which the work was performed] | X 125 [the applicable statutory cap] |
|---|---|
| 155.7 [March 1996's average CPI, the month that statutory cap changed] | |

## LEGAL STANDARDS

EAJA allows litigants who have prevailed in a civil action against the United States to recover fees and expenses incurred by that litigant unless the Court finds that the Government's position was substantially justified. 28 U.S.C. § 2412(d)(1)(A). Under EAJA, attorney's fee awards are calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate for the attorney's services. To decide if the claimed number of hours expended is reasonable, the Court, with or without the aid of witnesses, may rely upon its own expertise and experience. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). If the number of hours claimed appears excessive or is unsupported by sufficient documentation or testimony, it is within the Court's discretion to designate a more appropriate figure. *Id*.

To determine if the requested hourly rate is reasonable, the Court must employ the two-step process set forth by the Eleventh Circuit in *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992). Under *Meyer*, the process begins with a determination of the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." *Id*. at 1033-1034 (citations and footnote omitted). If the resulting rate is equal to or less than the statutory maximum of $125 per hour,[2] no further analysis is required. *Id*. If the market rate is greater than the statutory maximum, however, the Court must take into account increases in the cost of living and any special factors in deciding whether an upward departure is appropriate. *Id*.

According to the Eleventh Circuit, "Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA awards from inflation," and "this expectation will not be realized…if district courts, without explanation, refuse to consider increases in the

---

[2] Attorney's fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor…justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

cost of living when calculating EAJA fees." *Id*. at 1034. While the Supreme Court implied that the cost-of-living escalator is "next to automatic," the Eleventh Circuit did not accept that interpretation as part of its holding because "[a]lthough it seems difficult to envision a situation in which the district court would not adjust the cap upward for inflation, such a situation could theoretically exist…." *Id*. at 1034-1035. Rather than deem the adjustment automatic, the Eleventh Circuit requires the Court determining attorney's fees "to articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Id*. at 1035, quoting *Norman*, 836 F.2d at 1304.

## DISCUSSION

In this case, there is no dispute that Plaintiff is the prevailing party, that Plaintiff incurred attorney's fees, and that the Commissioner's position was not substantially justified. Accordingly, the only issues to address are the amount of attorney's fees, costs, and expenses to be awarded and who shall receive the amount awarded.

### Hours Reasonably Expended

Plaintiff asserts that Attorney Howard D. Olinsky spent 38 hours litigating this case on Plaintiff's behalf. In support, Plaintiff has submitted an itemized schedule of hours detailing each of Mr. Olinksy's activities in this case. After review, the Court finds that the hours expended by Mr. Olinksy in litigating this case were reasonable.

### Reasonable Hourly Rate

Plaintiff asserts that the appropriate hourly rate to be used in calculating attorney's fees in this case is $184.06 per hour. (Doc. 20, p. 1).  After applying the two-step process required under *Meyer*, the Court finds that Plaintiff is entitled to $7118.77 in attorney's fees.

The first step requires the Court to determine the relevant market rate. The Eleventh Circuit has stated that:

> The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work….Satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.

*Norman*, 836 F.2d at 1299 (citations omitted). Thus, the affidavits of counsel, alone, are not sufficient, and a plaintiff must provide evidence other than counsel's affidavit to justify the market rate.

In this case, Plaintiff provided Mr. Olinksy's affidavit as well as tables addressing both EAJA fee calculations and Consumer Price Index. Mr. Olinksy, and his law group, handled approximately 1,000 Social Security cases at the District Court level, is admitted to practice in both New York and Georgia, and provides a summary of his $184.06/hour EAJA fee calculation for work performed through 2014. Because this rate exceeds the current statutory rate with inflation, the Court must proceed to the second step.

Turning to *Meyer*'s second step, the Court finds that it should apply the cost-of-living escalator because the market rate is greater than or equal to the statutory cap with inflation. In *Watkins v. Astrue*, 2011 WL 4454102 (M.D. Ga. 2011) and *Eaton v. Astrue*, 2011 WL 3296097 (M.D. Ga. 2011), this Court adopted the method for calculating the amount of inflation when determining EAJA attorney's fees as set forth in *Hartage v. Astrue*, 2011 WL 1123401 (M.D. Ga. 2011). *Watkins*, 2011 WL 4454102 at *2; *Eaton*, 2011 WL 3296097 at *2. In *Watkins*, the

Court concluded that reasonable attorney's fees must reflect the year in which the work was performed and that "enhancements to compensate for a delay in payment should be reserved for unusual cases, such as where the delay is unjustifiably caused by the defense." *Id.* (quotations omitted). Because the Court did not find that the case was unusual, it did not apply the enhancement. Therefore, the attorney's fees were calculated based upon the annual average Consumer Price Index for the years in which the work was expended.

Consistent with *Watkins*, the Court finds that Mr. Olinksy worked: 35 hours in 2013 at $187.02/hour; 0.4 hours in June 2014 at $191.35/hour 0.2 hours in July 2014 at $191.27/hour; and 2.4 hours in August of 2014 at $190.95/hour. Accordingly, Plaintiff is entitled to $7118.77 in attorney's fees.[3]

### Administrative Tasks

Plaintiff, however, is not entitled to the $136.00 requested for administrative services. Clerical tasks are properly considered overhead, and are not compensable under the EAJA because the services do not require professional skill or expertise. *Missouri v. Jenkins,* 491 U.S. 274, 288 n. 10 (1989). This Court has previously found that tasks such as "preparing summons, copying documents, filing documents at the Clerk's office, serving pleadings, receiving documents, and mailing documents," are clerical tasks, and are not compensable. *Perkins v. Astrue*, No. 1:09-cv-60-WLS-TQL, 2011 WL 7794078, at *3 (M.D. Ga. Oct. 11, 2011) (Report and Recommendation), *adopted* 2012 WL

---

[3]

| Year | Rate | Hours | Total |
|---|---|---|---|
| 2013 | $ 187.02 | 35 | $ 6545.7 |
| June 2014 | $ 191.35 | .4 | $ 76.54 |
| July 2014 | $ 191.27 | .2 | $ 38.25 |
| August 2014 | $ 190.95 | 2.4 | $ 458.28 |
| TOTAL: | | | $ 7118.77 |

1582979 (M.D. Ga. Apr. 30, 2012). The following entries represent clerical tasks and are not compensable under the EAJA:

- July 5, 2013:   0.6 hours to Draft and prepare forms, correspondence to client with forms
- July 10, 2013: 0.1 hours to Phone call to Client re: required forms to commence case
- July 15, 2013: 0.1 hours to Phone call to Client re: required forms to commence case
- July 22, 2013: 0.1 hours to Phone call to Client re: required forms to commence case
- July 30, 2013: 0.1 hours to Phone call to Client re: required forms to commence case
- August 14, 2013: 0.5 hours to Draft summonses and complaint, prepare civil cover sheet
- December 16, 2013: 0.1 hours to Phone call from Client re: case
- August 11, 2014 : 0.1 hours to Correspondence to client re: case status.

Plaintiff is not entitled to compensation for these tasks under the EAJA, the request for these expenses is therefore denied.

### Fees Awarded to Plaintiff

The total award of attorney's fees in the amount of $7118.77 should be made payable directly to Plaintiff. Plaintiff did not submit an assignment agreement to the Court, and even if she had, it is not at all clear that such an agreement would have satisfied the stringent requirements of the Anti-Assignment Act ("AAA").

The Supreme Court of the United States has recognized that an award of attorney's fees under EAJA is payable to the litigant, and not to his or her attorney. *Astrue v. Ratliff*, 560 U.S. 586, 589-593 (2010). As a result, an award of attorney's fees under EAJA is subject to offset where the litigant owes a pre-existing debt to the Government. *Id*. The Supreme Court has also implicitly approved the Commissioner's practice of issuing payments directly to attorneys, but only in cases where the litigant does not owe a debt to the Government and assigns the right to such fees to his attorney. *Id*. at 595-598.

Attorney's fees awards under EAJA are claims against the United States and, as such, are subject to the AAA. *See United States v. Transocean Air Lines, Inc.*, 386 F.2d 79, 82 (5th Cir.

1967) (finding that a contingent fee agreement regarding a judgment against United States was an assignment subject to the AAA). The AAA imposes stringent requirements on the assignment of a claim against the United States. *See* 31 U.S.C. § 3727.

> An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b). Accordingly, an assignment made prior to the award of attorney's fees necessarily violates these requirements because the claim has not been allowed, the amount of the claim has not been decided, and a warrant for the claim has not been issued.

In this case, any assignment of attorney's fees would almost certainly violate the AAA because the claim for attorney's fees had not yet been allowed, the amount of attorney's fees had not yet been decided, and because a warrant for payment had not yet been issued. As noted above, though, such analysis is unnecessary as Plaintiff did not file an assignment agreement with the Court. As such, the attorney's-fee award should be made payable directly to Plaintiff.

CONCLUSION

It is the recommendation to the United States District Judge that Plaintiff's motion for attorney's fees pursuant to 28 U.S.C. § 2412(d) be **GRANTED** and that payment be forwarded to Plaintiff in the amount of $7118.77.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the Recommendation with the United States District Judge within fourteen (14) days after being served a copy.

**SO ORDERED**, this 15th day of October, 2014.

                                                s/ Charles H. Weigle
                                                Charles H. Weigle
                                                United States Magistrate Judge